FILED

2007 SEP 26 AM 10: 30

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

4:07 CV 02936

| | | |
|---|---|---|
| IN RE: INFOTOPIA, INC. | ) | CASE NO. 4:07 MC 00019 |
| | ) | |
| | ) | BNK CASE. NO. 02-44356 |
| | ) | ADV. PRO. NO. 05-04026 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| MARC P. GERTZ, Trustee in | ) | |
| Bankruptycy for Infotopia, Inc., | ) | |
| | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| TWIN CITY FIRE INSURANCE | ) | AND ORDER |
| COMPANY | ) | |
| | ) | |

This matter is before the Court upon Defendant Twin City Fire Insurance Company's Motion To Withdraw the Reference. (Dkt. #1).

I.  PROCEDURAL BACKGROUND

This adversary proceeding arises out of a Chapter 11 bankruptcy filed in the United States Bankruptcy Court for the Northern District of Ohio. (Dkt. #2). On September 30, 2002, Infotopia filed a petition seeking relief under Chapter 11 of the Unites States Code. (Dkt. #2). The petition was subsequently converted to a Chapter

1

7 voluntary case pursuant to an Order of Relief granted on February 4, 2003. (Dkt. #2). Marc P. Gertz ("Gertz") was appointed as Chapter 7 Trustee on February 7, 2003. (Dkt. #2). The Defendant Twin City Fire Insurance Company ("Twin City") was not put on notice of the bankruptcy until Gertz filed the Complaint on February 4, 2005. (Dkt. #3-3, ¶10).[1]

On February 4, 2005 Plaintiff Trustee Gertz filed a Complaint against Defendant Twin City, alleging that Twin City violated terms of the Directors and Officers Policy ("D/O Policy") it issued to Infotopia. On March 29, 2007, Twin City filed a Motion for Withdrawal of Bankruptcy Reference, specifically requesting the reference to adversary proceeding 05-4026 be withdrawn from the Bankruptcy Court and transferred to this Court pursuant to 28 U.S.C. § 157 and Rule 5011(a) of the Federal Rules of Bankruptcy Procedure.

Twin City argues that cause for the immediate withdrawal of the reference to this adversary proceeding exists on two independent and sufficient grounds. Initially, Twin City says that it has a right to a jury trial and has made a jury demand. Twin City argues that its refusal to consent to a jury trial conducted before the Bankruptcy Court establishes cause for withdrawal of the adversary proceeding. Secondly, Twin City argues that this matter is a non-core proceeding. As such, Twin City says the Bankruptcy Court cannot render a final order on the claims asserted without all parties'

---

[1] The Court notes that in the Complaint, Twin City was improperly denominated as "The Hartford." (Dkt. #1).

2

consent. Twin City denies that the Bankruptcy Court has such consent.

## II. LAW AND ANALYSIS

Section 157(d) of the Bankruptcy Code permits the district court to "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). The Bankruptcy Code does not define "cause." Consequently, the courts have developed a non-exhaustive list of factors to consider in determining whether cause exists. These factors include promoting judicial economy, uniformity in bankruptcy administration, reducing forum shopping and confusion, conserving debtor and creditor resources, expediting the bankruptcy process, whether a party has requested a jury trial, and whether the proceeding is core or non-core. Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir.1985); see also Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Group), 4 F.3d 1095, 1101-02 (2d Cir.1993). "If one or more of these factors is present, the court may find that cause exists to withdraw the reference." U.S. v. Kaplan, 146 B.R. 500, 504 (D.Mass.1992). The moving party bears the burden of demonstrating that the reference should be withdrawn. See In re Vicars Ins. Agency, Inc., 96 F.3d 949, 953 (7th Cir.1996).

With regard to Twin City's refusal to consent to a jury trial before the Bankruptcy Court, the Bankruptcy Code does not authorize a bankruptcy judge to conduct jury trials absent special designation pursuant to 28 U.S.C. § 157 and the consent of the parties.

3

28 U.S.C. § 157(e). See also In Re Midgard Corp., 204 B.R. 764, 778 n. 18 (B.A.P. 10th Cir.1997). Specifically, 28 U.S.C. § 157(e) provides:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

Similarly, the Northern District of Ohio authorizes its bankruptcy judges to conduct jury trials with the consent of all parties. Local Bankr.R. 9015-2(a).

The Seventh Amendment provides for the right to a trial by jury: "In suits at common law, where the value in controversy shall exceed twenty dollars. the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of common law." U.S. CONST. amend. VII. In Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 42 (1989), the Supreme Court established the following test to determine if one is entitled to a jury trial under the Seventh Amendment:

> First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature. The second stage of this analysis is more important than the first. If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as a fact finder.

" 'Cause' to withdraw the reference automatically exists in cases where the party

4

seeking the withdrawal is entitled to a jury trial under the Seventh Amendment." Peachtree Lane Assocs., Ltd. v. Granader, 175 B.R. 232, 235 (N.D.Ill.1994) (quoting In re Americana Expressways, Inc. 161 B.R. 707, 709 (D.Utah 1993)).

With regard to Plaintiff's argument that the instant matter constitutes a non-core proceeding, 28 U.S.C. § 157(b)(3) requires that "The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding." A court "considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." Orion, 4 F.3d at 1101. A non-core proceeding has four characteristics: (1) it is not specifically identified as a core proceeding under 28 U.S.C. §§ 157(b)(2)(B)-(N); (2) it existed prior to the filing of the bankruptcy case; (3) it would continue to exist independent of the provisions of Title 11; and (4) the parties' rights, obligations, or both are not significantly affected as a result of the filing of the bankruptcy case. In re Hughes-Bechtol, 141 B.R. 946, 948-49 (Bankr.S.D.Ohio 1992).

Plaintiff Trustee brings claims against Twin City, the issuer the D/O policy, for fraudulent transfer, conversion of assets, amounts due under promissory notes, and breaches of fiduciary duty. Plaintiff seeks money damages from Twin City, rendering this matter an action at law not equity. Generally, the Seventh Amendment provides a right to a jury trial for actions at law. See In re Rodgers & Sons, Inc., 48 B.R. 683, 688 (Bankr.D.Okla.1985) ("this Court follows the line of cases that determine entitlement

5

to jury trial by whether the cause of action lies in equity or is brought at law"). Given that Plaintiff has established a right to a jury trial, filed a jury demand and refused consent to a jury trial before the Bankruptcy Court, the Court finds that "cause" exists to withdraw the reference.

In addition, the Court would find that the instant matter constitutes a non-core proceeding. However, as the bankruptcy judge has never rendered a decision on this matter, the issue is not properly before the Court at this time. 28 U.S.C. § 157(b)(3). See also In re Rivera, 2005 U.S. Dist. LEXIS 23304, at *11 (N.D.Ohio Oct. 12, 2005) ("the question of whether an adversary proceeding is a core proceeding should initially be decided by the bankruptcy court"). Nevertheless, Plaintiff's right to a jury trial, jury demand and refusal to consent to a jury trial before the Bankruptcy Court demonstrate independent and sufficient "cause" to withdraw the reference of the adversary proceeding.[2]

## III. CONCLUSION

---

[2] Gertz also argues that Twin's City' Motion for Withdrawal was not timely. Mandatory withdrawal requires a timely motion. The test for timeliness is ultimately one of reasonableness under the circumstances. See U.S. v. Kaplan ("Kaplan"), 146 B.R. 500, 503 (D.Mass. 1992) ("Timeliness is determined based on a review of the facts of the specific situation."). Both Gertz and Twin City filed Motions for Summary Judgment in the adversary proceeding on March 16, 2007 on the issue of liability under the D/O Policy. (Adv. Pro. No. 05-04026, Dkt. # 68, 169). Twin City filed the instant Motion for Withdrawal on March 29, 2007, before the Motions for Summary Judgment became ripe. Therefore, the Court find that Twin City's Motion for Withdrawal was timely under the circumstances.

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Withdrawal of Bankruptcy Reference and orders the reference to adversary proceeding 06-5211 be withdrawn from the Bankruptcy Court and immediately transferred to this Court pursuant to 28 U.S.C. § 157 and Rule 5011(a) of the Federal Rules of Bankruptcy Procedure.

**IT IS SO ORDERED.**

*/s/ Peter C. Economus – 9/25/07*
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**